```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

WILLIE NELLOMS,                     §
(TDCJ # 932846),                    §
     Petitioner,                    §
VS.                                 §   CIVIL ACTION NO.4:05-CV-355-Y
                                    §
DOUGLAS DRETKE, Director,           §
T.D.C.J., Correctional              §
Institutions Div.,                  §
     Respondent.                    §
```

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Willie Nelloms, Texas Department of Criminal Justice (TDCJ) No. 932846, is currently confined in the Roach Unit in Childress, Texas. The Director of the TDCJ Correctional Institutions Division is Respondent. No process has been issued to Respondent in this case.

C. LEGAL ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]  The Court of Appeals for the Fifth Circuit recognized the district courts authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). After review of the petition under Rule 4 and under 28 U.S.C. § 2243, it appears the person detained has filed this petition beyond the applicable limitations period as set forth in 28 U.S.C. § 2244. *See generally Kiser,* 163 F.3d at 329 (noting that although the § 2244 statute of limitations is an affirmative defense, it is appropriate for a district court to raise and consider such defense sua sponte).

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).  Rule 4 of the Rules Governing Section 2254 Cases provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

RULES GOVERNING SECTION 2254 CASES, RULE 4(emphasis added).

2

By this action, petitioner Willie Nelloms challenges his June 28, 2000 conviction for sexual assault of a child under seventeen, case number 0750915D, in the 297th District Court of Tarrant County, Texas. (Pet. at ¶¶ 1-4.) Nelloms's conviction was affirmed on direct appeal by the Court of Appeals of Texas, Second District, on November 29, 2001, and his petition for discretionary review was refused by the Texas Court of Criminal Appeals (TXCCA) on June 14, 2002.[2] (Pet. at ¶ 9.) Nelloms then filed a petition for writ of certiorari to the Supreme Court, which was denied on October 15, 2002.[3] Nelloms then filed a state application for writ of habeas corpus in state district court on August 2, 2004, and it was ultimately denied without written order by the TXCCA on December 22, 2004.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed for the first time a statute of limitations on federal petitions for writ of habeas corpus filed by state

---

[2] Although Nelloms wrote that the PDR was denied on May 29, 2002, records of the Texas Court of Criminal Appeals (TXCCA) indicate that the PDR filed from appeal 02-00-252-CR (TXCCA# PD-0433-02) was not resolved until June 14, 2002, and thus the Court will assume the accuracy of the state record. The Court takes judicial notice of the records of the TXCCA on its website www.cca.courts.state.tx.us/opinions. *See generally* FED. R. EVID. 201; *see also Zimmerman v. Spears*, 565 F.2d 310, 312 (5th Cir. 1977) (judicial notice taken of earlier habeas proceedings in different court).

[3] *Nelloms v. Texas*, 537 U.S. 960 (2002).

[4] The Court also takes judicial notice of the relevant dates of record of the state writ application proceeding in the office of the Tarrant County District Clerk provided in its response to this Court's inquiry as shown in Exhibit 1. The Court has confirmed and takes judicial notice of the disposition of Nelloms's writ application in the TXCCA through a search on its website www.cca.courts.state.tx.us/opinions for writ application number WR-60,707-01.

3

prisoners.[5]  This limitations provision, codified at 28 U.S.C. § 2244(d)(1)-(2), provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[6]

Petitioner Nelloms was convicted in June 2000, but the date on which his judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review

---

[5] In Title I of the AEDPA, sections 101-106 amend § 2244 and §§ 2253-2255 of chapter 153, Title 28, United States Code, governing all habeas corpus proceedings in the federal courts. 110 Stat. 1217-1221. The amendments to chapter 153 apply only to cases filed on or after the date the AEDPA was signed into law. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997).

[6] 28 U.S.C.A. § 2244 (d)(1)-(2)(West Supp. 2004).

is on October 15, 2002, the date the Supreme Court denied the petition for writ of certiorari. Thus, one year from the date on which Nelloms's judgment of conviction became final was October 15, 2003.[7] Nelloms's petition under 28 U.S.C. § 2254 was not file stamped in federal district court until May 25, 2005.[8]

If a state prisoner files an application for State post-conviction or other collateral review, the time taken to pursue that remedy is not counted toward the one-year limitation period.[9] Thus, each day during which a properly filed application for state post-conviction or other collateral review is pending, the limitation period is extended.  Petitioner Nelloms, however, did not file a state application for writ of habeas corpus challenging the conviction made the basis of this petition until August 2, 2004, almost a year *after* the one-year limitation period had expired.  Thus, the tolling provision of 28 U.S.C. § 2244(d)(2) does not apply, and the time Nelloms's state application for writ

---

[7] *See Flanagan v. Johnson,* 154 F.3d 196, 201-02 (5th Cir. 1998)(applying to the computation of the AEDPA one-year limitations period the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing the relevant time).

[8] A pro se prisoner's habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998).  Although the Court has not been provided with any specific information as to the date of delivery of the petition to prison officials, the inmate account certificate Nelloms submitted at the same time as his § 2254 petition is dated on May 20, 2005, and thus that is the earliest date on which this § 2254 petition could be deemed filed under the mailbox rule.

[9] 28 U.S.C.A. § 2244(d)(2)(West Supp. 2004).

5

of habeas corpus was pending does not extend the one-year limitation period of § 2244(d)(1).

It plainly appears from the face of the petition for writ of habeas corpus, and from records of which the Court can take judicial notice, that petitioner Willie Nelloms's § 2254 petition was constructively filed in May 2005, beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).[10] Under the circumstances, summary dismissal is appropriate.

## RECOMMENDATION

It is therefore RECOMMENDED that Willie Nelloms's Petition For Writ of Habeas Corpus under 28 U.S.C. § 2254 be summarily DISMISSED WITH PREJUDICE as filed beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a

---

[10] Of course, § 2244(d)(1) lists three other dates upon which the limitations period might otherwise commence, but Nelloms has not claimed that any of the necessary circumstances apply to his petition, and none of the substantive grounds asserted by Nelloms cause the Court to believe that any of the other respective limitations-commencement categories applies. *See* 28 U.S.C.A. § 2244(d)(1)(B)-(D)(West Supp. 2004).

copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until July 11, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until July 11, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge

7

for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED June 20, 2005.

                                                  /s/ Charles Bleil
                                            CHARLES BLEIL
                                            UNITED STATES MAGISTRATE JUDGE